UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-58-HRW

CHRIS R. SHARPE                                                    PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, ET AL.                                             DEFENDANTS

Chris R. Sharpe, who is confined in the Federal Prison Camp in Ashland, Kentucky ("FPC-Ashland") has filed a *pro se* civil rights action asserting Eighth Amendment medical claims under: (1) 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and (2) the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2680 ("FTCA").

This matter is before the Court for initial screening.  28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  Under 28 U.S.C. §1915(e)(2), a district court may dismiss a case at any time if it determines that the action is either frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

<u>NAMED DEFENDANTS</u>

The plaintiff has named five defendants: (1) FCI-Ashland Warden Brian Patton;[1] (2) the United States Bureau of Prisons ("BOP"); (3) the Attorney General of the United States; (4) Dr. Traci Sanchez; and (5) Michelle T. Fuseymore.   The plaintiff has asserted claims against Defendants Patton, Sanchez and Fuseymore in both individual and official capacities.

<u>CLAIMS ASSERTED AND RELIEF SOUGHT</u>

Sharpe alleges that he injured his left knee on August 19, 2007 while playing softball at the prison camp at FCI-Ashland. Sharpe claims that his rights under the Eighth Amendment of the United States Constitution were violated by the defendants' alleged refusal to provide him with proper medical treatment. He further asserts claims of negligence under the FTCA.

Sharpe has provided some information as to his efforts to administratively exhaust his claim [*See* Record No. 11-3 (Eighth Amendment claim) and Record No. 2-22 (FTCA claim # 2008-01711)]. Sharpe alleges that the BOP erroneously refers to medical issues related to his right knee and ignores his claim that his left knee was injured [*See* Record No. 11, p.1].

Sharpe seeks compensatory and punitive damages, including damages for emotional distress. He seeks injunctive relief in the form of medical treatment from non-BOP providers.

<u>DISCUSSION</u>
1. <u>Eighth Amendment Claims</u>
A. <u>Official Capacity Claims</u>

Sharpe asserts claims against Defendants Patton, Sanchez, Fuseymore, and the United

---

[1]

The Court takes judicial notice of the fact that the current warden of FCI-Ashland is E.K. Cauley.

2

States Attorney General, in their official capacities. Those claims suffer from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The only proper defendant in a *Bivens* action is a person acting under color of federal law in that person's individual capacity.

Sharpe has failed to state a valid claim against Defendants Patton, Sanchez and Fuseymore, and the United States Attorney General, in their *official* capacities. These claims will be dismissed with prejudice.

B. Individual Capacity Claims
(1) Claims Against Michelle Fuseymore

Sharpe raises what appears to be a Fifth Amendment denial of due process claim against Defendant Michelle Fuseymore, Regional Counsel for the BOP. Fuseymore denied Sharpe's

3

FTCA claim by letter dated February 13, 2008 [Record No. 2-22]. It appears that Sharpe's claims against Fuseymore relate only to the fact that she denied his administrative tort claim.

Sharpe does not assert a valid Fifth Amendment claim against Fuseymore. The case of *Shehee v. Luttrell*, 199 F.3d 295, 300 (1999), holds that officials whose only action involve[s] the denial of administrative grievances, or the failure to act, are not liable under §1983. There is no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467, 103 S. Ct. 864 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991).[2] Any due process claims against Fuseymore lack merit and must be dismissed.

### (2) Claims Against Defendants Patton and Sanchez

The Court will require Defendants Patton and Sanchez, their individual capacities, to respond the Eighth Amendment claims asserted in the Complaint. The Clerk will be directed to issue summonses for these defendants in their individual capacities.

Sharpe states that he is currently receiving medical treatment at a Veteran's Affairs

---

[2]

Numerous Sixth Circuit decisions hold that there is no inherent constitutional right to an effective prison grievance procedure. *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. (Mich.) October 30, 2003) (Not selected for publication in the Federal Reporter); *Overholt v. Unibase Data Entry, Inc.* 221 F.3d 1335, 2000 WL 799760, **3 (6th Cir. (Ohio) June 14, 2000) (Unpublished Disposition) ("In addition, Overholt did not state a viable First Amendment claim concerning the prison grievance procedure. The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991). Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation."); *Mays v. Wilkinson*, 181 F.3d 102 (Table), 1999 WL 282690 (6th Cir.(Ohio) April 28, 1999) (same.)

Medical facility in Salisbury, North Carolina [*See* Record No. 21].

An inmate's transfer moots his request for injunctive relief. *Lyons v. Azam*, 58 Fed. Appx. 85, 87 (6th Cir.2003) ("[A] prisoner's claims for injunctive relief become moot when the prisoner is no longer confined at the prison where the claim allegedly arose.") (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996)). *See also Jones v. Pancake*, 2007 WL 2407271, *2 (W. D. Ky., August 20, 2007) (where prisoner had alleged that prison officials had racially discriminated against him, prisoner's subsequent transfer to another facility mooted his Fourteenth Amendment claims and demands for injunctive relief, as the prisoner was "apparently no longer subject to racially discriminatory placement practices. . .").[3] Because Sharpe has been released from BOP custody, his demand for injunctive relief is rendered moot.

### (3) Claims Against the United States Attorney General

Sharpe has named the Attorney General of the United States as a defendant in this proceeding. The Attorney General had no direct involvement in the actions about which Sharpe complains. A claim under *Bivens* requires a showing that the named defendant performed the acts that resulted in a deprivation of a constitutional right.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76, 96 S.Ct. 598 (1976); *Bivens*, 403 U.S. at 390 n. 2; *Williams v. Mehra*, 135 F.3d 1105, 1114 (6th Cir.1998).

 Sharpe attempts to assign liability to the Attorney General under the principle of

---

[3]

Case law from other federal circuits supports this conclusion, as well.  *See McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999) (claims for injunctive relief are rendered moot upon release from confinement, or transfer to another facility) and *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997) (same).

*respondeat superior*. Such an effort can not succeed under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978), which holds that a supervisory official cannot be held liable in his individual capacity absent a showing that he personally caused the deprivation of a federal right. *See also  Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Thus, Sharpe asserts no legitimate claim against the Attorney General under either the Fifth or the Eighth Amendment of the United States Constitution. Sharpe's claims against the Attorney General will be dismissed with prejudice.

C. Claims For Damages Against the BOP

The doctrine of sovereign immunity precludes Sharpe's attempt to recover damages from the BOP.   Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity."  *United States v. Testan*, 424 U.S. 392 (1976); *Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159,166 (1985).  The United States has not waived its sovereign immunity to monetary damages for constitutional torts.

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States.  *See Kentucky v. Graham*, 473 U.S. at 166.  The BOP is a federal agency. "Federal agencies may not be sued *eo nomine* except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5th Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 411 (1952)); *Brooks v. Graber*,

2000 WL 1679420 (D. Kan. November 6, 2000) (no authorization existed to name the Department of Justice because it cannot be sued under that name as a defendant; moreover, plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief). Thus, the plaintiff's claim for damages against the BOP fails to state a claim upon which relief can be granted, and must be dismissed.

## 2. FTCA Claims

Sharpe has not named the United States as a party to this action, even though he asserts claims under the FTCA. Failure to name the United States as defendant in an FTCA suit can result in a fatal lack of jurisdiction. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). However, given Sharpe's *pro se* status, the Court will order to the Clerk add the United States of America as a defendant and order the United States to respond the FTCA claim. The United States may opt to address the jurisdictional aspect raised by the *Allgeier* case.

## 3. Other Pending Motions [Record Nos. 18, 19, 21 and 22]

Plaintiff Sharpe has filed four motions which are pending before the Court. The first motion, Record No. 18, is a motion to notify the Court of a change of Sharpe's address. While the motion will be granted, Sharpe is advised that is was not necessary for him to file a "*motion*" to notify the Court of a change of his address. In the event Sharpe's address changes in the future, it will be sufficient for him to file a simple "Notice" of Change of Address which informs the Clerk of the Court of any new address.[4]

---

[4]

Sharpe is proceeding *pro se* and it is not expected that his pleadings would equal those of a trained attorney. Sharpe's tendency to preface several motions by stating "Motion to Notify . . ." is confusing. Sharpe should simply entitle any future motions by the specific request he seeks (*i.e,*

The second motion, Record No. 19, is entitled "Motion to Notify and Request Fees." Sharpe states that on July 22, 2008 he was transferred to a half-way house in North Carolina.[5] In his motion filed as Record No. 19, Sharpe again asks the Court to set aside the "Payment Order" previously entered herein on April 21, 2008 [Record No. 8]. Pursuant to the "Payment Order," the Court granted Sharpe pauper status, assessed the $350.00 filing fee, assessed an initial partial filing fee of $36.63, and instructed as to the proper method of remitting installment payments [*Id*.].

On July 23, 2008, Sharpe filed an earlier motion seeking an Order alleviating his responsibility to remit installment payments [*See* Motion, Record No. 16]. On August 5, 2008, the Court entered an Order denying the July 23, 2008, motion, and explained its reasoning for doing so in that Order [*See* Order, Record No. 17].[6]

The Court will not order the $130.82 previously paid toward the $350.00 filing fee to be refunded to Sharpe. At the present time, there remains an unpaid balance of $219.18 on the filing fee. Sharpe asks to be relieved of the obligation to pay this amount.

It appears that because Sharpe has been released from BOP custody, he is now a non-prisoner. With respect to the outstanding $219.18 currently owed on the filing fee, the Clerk of the Court will be directed to send Sharpe the four-page E.D. Ky. Form 519 which non-prisoners

---

"Motion to Reconsider,") and delete unnecessary wording such as "*Motion to Notify* to Reconsider."

[5]  It is not clear from Sharpe's filing if he is still confined in federal custody in the half-way house. Review of the BOP's official website, bop.gov/inmate locator, indicates that Sharpe was released from BOP custody on September 12, 2008.

[6]  The Court will not reiterate its conclusions again in this Order.

must complete and submit for consideration for pauper status. Sharpe's "Motion to Notify and Request Fees Applicable to Filing of Case" [Record No. 19] will be denied. His "Motion for Leave to Proceed *in forma pauperis*"[Record No. 22] will be denied without prejudice. Sharpe's pauper status will be considered upon review of a completed E.D. Ky. Form 519.

The Court will grant Sharpe's "Motion for Leave to Add Medical statements" [Record No.21]. The Clerk will be directed to note that the medical reports, filed herein as Record No. 21-2, are to made a part of the record.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)     Chris. R. Sharpe's "Motion to Notify of Change of Address' [Record No. 18] is **GRANTED**.

(2)     Chris R. Sharpe's "Motion to Notify and Request Fees Applicable to Filing of Case" [Record No. 19] is **DENIED**.

(3)      Chris R. Sharpe's "Motion for Leave to Add Medical Statements" [Record No.21] is **GRANTED** and the Clerk will be directed to note in the docket sheet that the medical reports, filed as Record No. 21-2, are to made a part of the record.

(4)      Chris R. Sharpe's "Motion for Leave to Proceed *In Forma pauperis*"[Record No. 22] is **DENIED** without prejudice.

(5)     The Clerk of the Court is directed to send Sharpe the E.D. Ky. Form 519 containing the case number of this action.

(6)     Chris R. Sharpe will have thirty (30) days from the date of entry of this Order in

which to complete and submit the E.D. Ky. Form 519.

(7)     The Clerk of the Court is directed to **ADD** the **United States of America** as a defendant to this action and to list the **United States of America** in the docket sheet.

(8)     The United States of America is directed to respond to the plaintiff's FTCA claim (No. 2008-01711)**.**

(9)     Chris R. Sharpe's Eighth Amendment *Bivens* claims against Defendants Brian Patton, Traci Sanchez, Michelle Fuseymore, and the United States Attorney General, in their **official** capacities, are **DISMISSED WITH PREJUDICE**.

(10)    Chris R. Sharpe's Fifth and Eighth Amendment individual capacity *Bivens* claims against the Attorney General of the United States are **DISMISSED WITH PREJUDICE**.

(11)    Chris R. Sharpe's Fifth Amendment *Bivens* claims against Defendant Michelle Fuseymore, in her **individual** capacity, are **DISMISSED WITH PREJUDICE**.

(12)    The Ashland Clerk's Office shall  prepare the documents necessary for service of process upon the following defendants:(A) Brian Patton; (B) Traci Sanchez and (C) the United States Attorney General on behalf of the United States of America for the FTCA claim.

(13)    For each identified defendant, the Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

        a.     Completed summons form;

        b.     Complaint [Record No. 2];

        c.     Order of 8/5/08 [Record No. 17];

        d.     This Memorandum Opinion and Order; and

       e.       Completed USM Form 285.

If the Clerk is unable to accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

(14).   For each identified defendant, the Clerk shall prepare three (3) Service Packets to be provided to the USM Office in Lexington, Kentucky, addressed as follows:

       a.       to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

       b.       to the Office of the Attorney General of the United States in Washington, D.C.; and

       c.       for personal service at the BOP Central office in Washington, D.C.

(15).   The Ashland Clerk shall send the required Service Packets for each identified defendant by certified mail to USM Office in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

(16).   The USM Office shall serve each of the identified defendants by:

       a.       Sending a Service Packet for each identified defendant by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

       b.       Sending a Service Packet for each identified defendant by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and

       c.     Personally serving a Service Packet upon the defendants through arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that each defendant is successfully served with process.  In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

(17).   Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Ashland Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to each identified defendant.

       a.     For each defendant to be served by certified mail, the Service Report shall include:

       1.     a copy of the green card showing proof of service; or

       2.     a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

       b.     For each defendant to be personally served, the Service Report shall indicate:

       1.     that the defendant was successfully served personally, or

       2.     a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

(18).   The plaintiff shall immediately advise the Ashland Clerk's Office of any change

in his current mailing address.  **Failure to do so may result in dismissal of this case**.

(19).    The plaintiff must communicate with the Court solely through notices or motions filed with the Ashland Clerk's Office.  **The Court will disregard correspondence sent directly to the judge's chambers.**

(20)     For every further pleading or other document he wishes to submit to the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This January 10, 2009.

Signed By:

_Henry R Wilhoit Jr._

United States District Judge